ROGERS et al. v. BECKRICH.

(Supreme Court, Appellate Division, Fourth Department. December 29, 1899.)

1. SALES—WARRANTIES—PLEADING.
    In a complaint for a breach of warranty, an averment that the articles purchased were warranted to be fit and proper for the purpose for which they were designed is supported by proof of either an implied or an express warranty.

2. SAME—PREJUDICIAL ERROR.
    Where evidence tended to prove that the crank hangers for bicycles purchased by plaintiff were latently defective, in consequence of the process of manufacture, as well as because of the use of malleable iron instead of steel in their construction, an implied warranty was established; and a charge that plaintiff could not recover without showing an express warranty was prejudicial error.

Appeal from trial term, Erie county.

Action by Edward J. Rogers and another against Nicholas J. Beckrich. From an order denying plaintiffs' motion for a new trial, plaintiff Rogers appeals. Reversed.

Argued before HARDIN, P. J., and ADAMS, McLENNAN, SPRING, and SMITH, JJ.

John Van Arsdale, for appellant.
Norman D. Fish, for respondent.

ADAMS, J. The plaintiffs, who were manufacturers of and dealers in bicycles, bring this action to recover damages which it is alleged they have sustained in consequence of a breach of warranty by the defendant upon an executory contract for the sale of 500 crank hangers. A crank hanger is an appliance pertaining to a bicycle, and is composed of a sleeve, cones, cups, cranks, sprocket, etc. The defendant is a manufacturer of these articles, and the sale in question

was made by his agent, one Charles H. Walters. It is undisputed that Walters, in order to induce the plaintiffs to purchase these crank hangers, made certain representations respecting their character, quality, material, and durability; and the evidence establishes beyond all controversy that, after the plaintiffs had attached the appliance to bicycles which they manufactured, it was ascertained that they were latently defective, in the materials used as well as in the matter of their construction, in consequence of which the plaintiffs lost the sale of many bicycles, and their business was seriously impaired. There was some controversy as to the exact nature and extent of the warranty which accompanied the sale of these crank hangers, the plaintiffs insisting that it was express, while the defendant contends that it was simply such warranty as might be implied from the circumstances of the case; and at the close of the trial the defendant's counsel requested the court to charge the jury that, if they found that no express warranty was made, then the plaintiffs were not entitled to recover. To this request the learned trial justice replied, "Well, the theory of this action is upon an express warranty, and I will so charge;" and in response to practically the same request, reiterated, the jury were again instructed, without qualification, that the plaintiffs were not entitled to recover in his action upon the ground of an implied warranty. The exceptions taken by the plaintiffs' counsel to the instruction thus given and repeated present error which we think requires that a new trial should be directed. The plaintiffs' complaint contains simply an averment that the crank hangers were warranted to be fit and proper for the purpose for which they were designed. It does not allege specifically whether such warranty was express or implied, and in these circumstances it seems to be well settled that proof of a warranty of either kind will support the averment. Hoe v. Sanborn, 21 N. Y. 552; Bierman v. Mills Co., 151 N. Y. 482–488, 45 N. E. 856; Reynolds v. Mayor, Lane & Co., 39 App. Div. 218, 57 N. Y. Supp. 106. It is by no means certain that the plaintiffs were not entitled to recover upon the theory of an express warranty, but, however that may be, evidence was given which tended to prove that the hangers were latently defective, in consequence of the process of manufacture, as well as by reason of the use of malleable iron instead of steel in their construction. An implied warranty was therefore established, and, as its breach is undisputed, the plaintiffs manifestly were entitled to recover some damage, within the rule laid down in the cases above cited. The jury, however, rendered a verdict of "no cause of action," and it would therefore seem to be pretty conclusively established that the instruction of the learned trial court was potential in bringing about this result. This being so, it follows that the order appealed from should be reversed.

Order reversed, and a new trial granted, with costs to the appellant to abide the event. All concur.